***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, or to re-hear the parties or their representatives, the Full Commission affirms, with some modifications of the findings of fact, the Opinion and Award of the Deputy Commissioner.
 *********** PLAINTIFF'S MOTION TO REINSTATE INDEMNITY BENEFITS AND PLAINTIFF'S MOTION FOR AUTHORIZATION TO REFUSE TO TAKE A F.C.E. RECOMMENDED BY AN INDEPENDENT MEDICAL EXAMINER *Page 2 
Subsequent to the August 30, 2007 hearing of this matter before Deputy Commissioner Phillips, Plaintiff filed a Motion seeking to re-instate his temporary total disability benefits. With respect to this Motion, the Full Commission hereby ORDERS that this matter be set for a full evidentiary hearing before a Deputy Commissioner, and accordingly, the Full Commission directs Chief Deputy Commissioner Stephen T. Gheen to assign a Deputy Commissioner to preside over this matter for the limited purpose of determination of whether Plaintiff is entitled to have his temporary total disability benefits re-instated.
Plaintiff also filed a Motion, subsequent to the August 30, 2007 hearing before Deputy Commissioner Phillips, seeking authorization to refuse a functional capacity evaluation (F.C.E.). Having carefully reviewed this matter, including Plaintiff's Motion, as well as the arguments of counsel, the Full Commission hereby DENIES Plaintiff's Motion. Accordingly, the Full Commission ORDERS Plaintiff to submit to a functional capacity evaluation (F.C.E.) undertaken by Plaintiff's treating physician, Dr. Paul Boksuk Suh, within 60 days of the filing of this Opinion and Award.
 *********** ISSUE
The issue presented for determination is: Whether Defendant owes Plaintiff re-imbursement of mileage expenses for vocational rehabilitation efforts, as previously ordered by Executive Secretary Tracey H. Weaver in a May 8, 2006 Order?
 ***********
Based upon all of the competent and credible evidence from the record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. Plaintiff filed two (2) claims following two (2) separate accidents which occurred on October 24, 2000 and March 19, 2001.
2. Defendants denied both of these claims.
3. On August 30, 2004, Deputy Commissioner George T. Glenn, II conducted a full evidentiary hearing concerning these claims in Greensboro, North Carolina, and filed an Opinion and Award on August 17, 2005 awarding Plaintiff past and continuing temporary total disability compensation and medical expenses until further order of the Industrial Commission, as well as an attorney's fee and costs.
4. Following the August 17, 2005 Opinion and Award, Defendant began to send Plaintiff on job search efforts under the auspices of vocational rehabilitation, and Plaintiff submitted gas mileage requests on Form 25T's, which Plaintiff submitted into evidence at the August 30, 2007 hearing as Plaintiff's Exhibit One (1).
5. On May 8, 2006, Executive Secretary Tracey H. Weaver ordered Defendant to re-imburse Plaintiff's mileage expenses for job searches in connection with vocational rehabilitation. Subsequent to this Order, Plaintiff alleged Defendant's non-compliance with that Order.
6. On July 28, 2006, Defendant filed a Form 24 seeking to terminate Plaintiff's temporary total disability benefits, alleging non-compliance on the part of Plaintiff in participation with vocational rehabilitation. On September 12, 2006, Special Deputy Commissioner Elizabeth M. Maddox issued an Order suspending these benefits until Plaintiff became compliant with vocational rehabilitation. Plaintiff subsequently filed a Motion to Reconsider. *Page 4 
7. On June 13, 2007, Plaintiff filed a Motion to Show Cause, alleging Defendant's non-compliance with the Order of Executive Secretary Weaver filed on May 8, 2006.
8. On August 1, 2007, Chief Deputy Commissioner Stephen T. Gheen ruled the Motion to Show Cause was not in proper form, and ordered the parties to a full evidentiary hearing, which took place on August 30, 2007.
9. Plaintiff testified at the August 30, 2007 hearing that he initially submitted three (3) Form 25T's with only his "guess" as to the actual miles travelled, and without physical addresses or names of contact persons with whom he spoke at the potential employers he visited on these trips. Transcript, pages 40-41. However, when asked to provide these details, Plaintiff did so by actually driving back to the places for which he sought travel expenses, obtaining the physical address, and measuring on the odometer of his vehicle the actual distance travelled from his home to the particular place. Id., pages 39, 41-42, 44, 48, and 65. Plaintiff testified that he had to employ this more onerous method of curing the defects in the initial Form 25T's submitted because the residence(s) at which he lived at that time did not show up on internet-based mapping services such as Mapquest. Id., pages 15-16. Plaintiff did not seek mileage re-imbursement for his efforts in driving back to the places for which he sought travel expenses, however, because he felt that it was his error in not providing the additional details Defendant requested on the Form 25 T's. Id., pages 44-45. Once Plaintiff actually measured the distances of the places for which he sought travel expenses with his vehicle's odometer, he found that he underestimated the distances. Id., page 65.
10. During the time periods in which Plaintiff's Form 25T mileage expenses are in dispute, Plaintiff testified that he moved twice, living at two different addresses in the Mount *Page 5 
Airy area. Id., pages 16-18, 36-37, 43-44, 48. As a result of these moves, Plaintiff testified that his mileage changed for some of the trips that he made to the same destination. Id., pages 43-44.
11. Plaintiff also testified that there were a couple of entries in his Form 25T's in which he mistakenly miscalculated the mileage.Id., pages 23-24, 47. However, Plaintiff acknowledged these errors, and actually corrected one of the miscalculations on one of the Form 25T's while on the witness stand. Id., pages 23-24.
12. In April 2006, Plaintiff travelled to meet his vocational rehabilitation counselor, Ms. Dottie Davis, but she cancelled the appointment for personal reasons. Id., pages 31-32. Because Plaintiff did not actually meet with Ms. Davis, he elected not to submit a Form 25T for re-imbursement of this travel expense. Id.
13. Ms. Lynn Culbreth, Defendant's insurance adjuster in charge of processing Plaintiff's Form 25T's, testified that she compared the mileage documented by Plaintiff on the Form 25T's at issue with searches on Mapquest, an internet-based mapping service, in order to verify the information he provided. Id., page 75. When Ms. Culbreth compared the mileage submitted by Plaintiff with her Mapquest results, she found several discrepancies between the Plaintiff's mileage and Mapquest's mileage. Id., page 75. However, Ms. Culbreth testified that she did not use Plaintiff's actual physical address when performing her Mapquest searches. Id., pages 83-87. Rather, Ms. Culbreth simply utilized the Mount Airy city limits, although Plaintiff testified that he did not live in the city limits of Mount Airy. Id., pages 48, 83-87. In addition, Ms. Culbreth testified that she found discrepancies between the original Form 25T's and those Form 25T's that Plaintiff re-submitted with the additional address and contact information requested, as well as with the mileage as measured by his vehicle's odometer. Id., pages 75-76. *Page 6 
14. Based upon the greater weight of the evidence, the Full Commission finds that Plaintiff's testimony concerning his Form 25T mileage submissions and other documentation is credible.
15. The Full Commission finds, based upon the greater weight of the evidence, that Defendant refused to pay the ordered mileage to Plaintiff without proper justification.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to re-imbursement of the miles he reported in the Form 25T's he submitted to Defendant, which are marked as Plaintiff's Exhibit One (1) in the August 30, 2007 hearing transcript, pursuant to the current rate allowed by the Industrial Commission. N.C. Gen. Stat. §§97-2(19), 97-12(19) (2007). Rules of the North Carolina Industrial Commission Rule 407(6) (2006).
2. Plaintiff is entitled to attorney's fees associated with prosecuting this Motion concerning mileage re-imbursement, at a rate of $150.00 per hour for two (2) hours expended on this claim, which totals $300.00. N.C. Gen. Stat. § 97-88 (2007).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall immediately pay the mileage claimed in Plaintiff's Form 25T's, which are marked as Plaintiff's Exhibit One (1) in the August 30, 2007 hearing transcript. *Page 7 
2. Defendant shall pay Plaintiff's attorney at a rate of $150.00 per hour for two (2) hours expended on this claim, which totals $300.00.
3. Defendant shall bear the costs of this action.
This the ___ day of June 2008.
 S/____________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/____________________________ PAMELA T. YOUNG COMMISSIONER
DISSENTING:
S/____________________________ BUCK LATTIMORE COMMISSIONER *Page 8